UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ZAHMEEN Z.W. MANUEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-cv-01428-JAR ) |
| OFFICER UNKNOWN HANNING, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On March 8, 2022, the Court ordered plaintiff Zahmeen Z.W. Manuel to file a show cause response and an amended complaint within thirty days. (Docket No. 8). Plaintiff was advised that his failure to submit a show cause response and an amended complaint would result in the dismissal of this action without prejudice and without further notice. More than thirty days have elapsed and plaintiff has not complied. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

**Background**

Plaintiff is a self-represented litigant who is currently incarcerated at the St. Louis County Justice Center in Clayton, Missouri. On December 6, 2021, he filed a 42 U.S.C. § 1983 action naming Officer Hanning, Lieutenant Rolland, and Captain McClelland as defendants. (Docket No. 1). In the complaint, he accused defendants of excessive force. He also filed a motion for leave to proceed in forma pauperis. (Docket No. 2).

On February 17, 2022, the Court granted plaintiff's motion for leave to proceed in forma pauperis, and reviewed his complaint under 28 U.S.C. § 1915. (Docket No. 5). Based on that

review, the Court dismissed the claim against Officer Hanning without prejudice, as well as the official capacity claims against Lieutenant Rolland and Captain McClellan. (Docket No. 6). As to the individual capacity claims against Lieutenant Rolland and Captain McClelland, plaintiff was ordered to file an amended complaint regarding his claims of excessive force. (Docket No. 5). He was sent a copy of the Court's prisoner civil rights complaint form, and given thirty days in which to comply.

On February 28, 2022, the Court received a letter from plaintiff that was construed as a motion to voluntarily dismiss his case. (Docket No. 7). The motion provided, in whole: "I concede this suit because it is too difficult for me to understand. Thank you for your time [and] consideration. Neither can I afford it."

In response to this motion, and out of an abundance of caution, the Court entered an order directing plaintiff to show cause within thirty days as to why his case should not be dismissed without prejudice. (Docket No. 8). He was also re-ordered to file his amended complaint within thirty days, as previously directed. In its order, the Court noted that with regard to plaintiff's contention that he could not "afford" this case, he had already been granted in forma pauperis status. As to his assertion that the suit "is too difficult for [him] to understand," the Court observed that plaintiff had already demonstrated an ability to adequately present his claims. In addition, the Court pointed out that he had been sent a copy of the Court's prisoner civil rights complaint form to aid him in filing an amended complaint.

To aid plaintiff's compliance, he was sent a copy of the Court's February 17, 2022 order, along with another copy of the Court's prisoner civil rights complaint form. He was advised that he had thirty days to respond, and that a failure to comply would result in the dismissal of this action without prejudice and without further notice.

**Discussion**

As previously noted, on March 8, 2022, the Court directed plaintiff to show cause within thirty days as to why his case should not be dismissed without prejudice. He was also ordered to submit an amended complaint. Plaintiff's responses were due on or before April 7, 2022. In its order, the Court warned plaintiff that his failure to comply would result in the dismissal of this action without prejudice and without further notice.

The deadline for plaintiff to file his show cause response and amended complaint has expired. Indeed, the Court has given plaintiff more than thirty days in which to comply. Despite being given additional time, plaintiff has not submitted his show cause response or an amended complaint, nor has he sought an extension of time in which to do so.

"In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative).

Because plaintiff has not complied with the Court's March 8, 2022 order to submit a show cause response and an amended complaint, and has not sought an extension of time in which to comply, the Court will dismiss this action without prejudice. *See Dudley v. Miles*, 597 Fed. Appx. 392 (8th Cir. 2015) (affirming district court's Fed. R. Civ. P. 41(b) dismissal for failure to comply with a court order, where plaintiff failed to follow an order to file an amended complaint, "[d]espite warnings that dismissal could result from his failure to do so").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of March 8, 2022. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29th day of April, 2022.

                                                        */s/ John A. Ross*
                                                        JOHN A. ROSS
                                                       UNITED STATES DISTRICT JUDGE